ILLINOIS BELL TELEPHONE COMPANY, Petitioner-Appellant, *v.* KITTY LEWIS, Defendant-Appellee.

Fourth District   No. 4—82—0788

Opinion filed June 27, 1983.—Rehearing denied September 9, 1983.

Alfred B. LaBarre, of Ensel, Jones, Blanchard & LaBarre, of Springfield, for appellant.

Nolan Lipsky, of Petersburg, for appellee.

JUSTICE MILLS delivered the opinion of the court:

The question: When a telephone company condemns private property, must it follow the provisions of the Telegraph and Telephone Act or must it follow the provisions of the Public Utilities Act?

Illinois Bell answers: Telegraph and Telephone Act.

Lewis responds: Public Utilities Act.

We hold: Both.

These same parties were before this court in the previous case of *Lewis v. Illinois Bell Telephone Co.* (1981), 98 Ill. App. 3d 1047, 425 N.E.2d 55. In *Lewis*, we set out the facts that led to that appeal:

> "Plaintiff [Lewis] owned the fee simple title to the premises which were a strip of land 55 feet wide and 3,960 [feet] long and constituted the westerly portion of a larger tract. The strip had been dedicated as an easement for highway purposes some years earlier by the plaintiff and a rural public highway existed thereon.
>
> Defendant [Illinois Bell] entered into negotiations with the plaintiff for permission to lay underground telephone cable in the highway easement but these negotiations came to naught. Notwithstanding, defendant proceeded to lay the cable in the easement commencing in May 1980, and ending about July 1980. The forcible entry and detainer suit followed in November 1980." (98 Ill. App. 3d 1047, 1048, 425 N.E.2d 55, 56.)

The circuit court entered judgment awarding possession of the premises to Lewis. Illinois Bell appealed. We affirmed. We held that Illinois Bell could only take private property by exercising its eminent domain authority. We also stated that the specific enabling legislation which provided Illinois Bell with the power of eminent domain is:

> "the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 1 *et seq.*) and the delegation of that power to telephone companies under section 4 of 'An Act relating to the powers, duties and property of telephone companies' [the Telegraph and Telephone Act] (Ill. Rev. Stat. 1979, ch. 134, par. 20)." (98 Ill. App. 3d 1047, 1050, 425 N.E.2d 55, 58.)

We then remanded the cause back to the circuit court with directions to:

> "enter a supplementary order requiring the defendant [Illinois Bell] *** either (1) to agree with the plaintiff [Lewis] upon the amount of compensation to be paid and pay it, or (2) to commence a proceeding in eminent domain to acquire the ease-

ments in question ***." 98 Ill. App. 3d 1047, 1052, 425 N.E.2d 55, 59.

Upon remand, the parties entered into negotiations. They proved fruitless. Illinois Bell then filed a petition for condemnation. Lewis filed a traverse and motion to dismiss the petition. At the hearing on the motion to dismiss, Illinois Bell argued that it had complied with all of the conditions precedent to exercising its eminent domain authority pursuant to the provisions of the Telegraph and Telephone Act. Lewis argued that pursuant to the provisions of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 1 et seq.), a hearing before the Illinois Commerce Commission is a condition precedent to the condemnation of private property by a public utility and since such a hearing had not taken place, Illinois Bell's petition should be dismissed.

Judge Reither agreed with Lewis and granted the motion to dismiss.

Illinois Bell appeals.

We affirm.

Illinois Bell argues that it does not have to follow the eminent domain procedures contained in the Public Utilities Act because the Illinois legislature has provided concurrent authority to condemn under the Telegraph and Telephone Act and the Public Utilities Act. Illinois Bell contends that it may *choose* which statutory method it wishes to use and it has chosen to follow the procedures in the Telegraph and Telephone Act instead of those in the Public Utilities Act. Lewis maintains that Illinois Bell's eminent domain authority under the Public Utilities Act is *exclusive* and that the company does not have any eminent domain authority under the Telegraph and Telephone Act.

Both parties are incorrect.

■ As we said in *Lewis*, the source of Illinois Bell's eminent domain authority is the Telegraph and Telephone Act. When Illinois Bell exercises that authority, however, it must also comply with the provisions of the Public Utilities Act. Section 59 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 63) states:

> "When necessary for the construction of any alterations, additions, extensions or improvements ordered or authorized under sections 50 *** of this Act, any public utility may enter upon, take or damage private property in the manner provided for by the law of eminent domain."

Section 50 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 50) states in part:

> "Whenever the Commission, after a hearing shall find that

additions, extensions, repairs or improvements to, or changes in, the existing plant, equipment, apparatus, facilities or other physical property of any public utility \*\*\* are necessary and ought reasonably to be made \*\*\* the Commission shall make and serve an order authorizing or directing that such additions, extensions, repairs, improvements or changes be made \*\*\* in the manner and within the time specified in said order.''

In 1903, the Illinois legislature first gave telephone companies the power of eminent domain by enacting the Telegraph and Telephone Act. In 1921, the legislature enacted the Public Utilities Act which requires *all* public utilities to receive Illinois Commerce Commission permission before exercising the power of eminent domain. The 1921 act impliedly repealed the authority given telephone companies in the 1903 act to condemn private property without permission from the State. In 1961, the legislature enacted an amendment to the Telegraph and Telephone Act which placed another restriction on the telephone company's eminent domain power: If the property is in a highway right-of-way, the company must also obtain the permission of the Illinois Department of Transportation before it exercises its eminent domain authority. See section 4 of the Telegraph and Telephone Act (Ill. Rev. Stat. 1981, ch. 134, par. 20), and section 9—113 of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 9—113.

■ Therefore, in the case at bench, where Illinois Bell—a public utility—is attempting to condemn property that lies in a highway right-of-way, it may exercise its eminent domain powers under the Telegraph and Telephone Act. *First*, however, because Illinois Bell is a public utility, it must obtain permission from the Illinois Commerce Commission and *second*, because the property is in a highway right-of-way, Illinois Bell must also obtain permission from the Illinois Department of Transportation.

Illinois Bell failed to obtain permission from the Illinois Commerce Commission. *Ergo*, the trial court was correct in granting Lewis' motion to dismiss Illinois Bell's petition for condemnation.

Affirmed.

WEBBER, P.J., and GREEN, J., concur.